**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS MANUEL AGUILAR, | No. 13-73034 |
| Petitioner, | |
| | Agency No. A076-611-256 |
| v. | |
| | MEMORANDUM* |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2015**

Before:     WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Luis Manuel Aguilar, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

_____

        *       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual finding, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we deny the petition for review.

The record does not compel the conclusion that Aguilar applied for asylum within a reasonable period of time after any changed or extraordinary circumstances as to excuse his untimely filing. *See* 8 C.F.R. § 1208.4(a)(4), (5); *Al Ramahi v. Holder*, 725 F.3d 1133, 1138-39 (9th Cir. 2013) (delay in filing was not reasonable under all the circumstances). Thus, we deny the petition for review as to Aguilar's asylum claim.

Substantial evidence supports the agency's conclusion that Aguilar failed to establish past persecution or that it is more likely than not he would be persecuted on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009) (applicant must prove a protected ground was or would be 'at least one central reason' for persecution); *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (record did not compel finding that petitioner who was "teased, bothered, discriminated against and harassed" experienced persecution). Thus, we deny the petition as to Aguilar's withholding of removal claim.

Finally, substantial evidence also supports the agency's denial of Aguilar's CAT claim because he failed to establish it is more likely than not he would be

13-73034

tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DENIED.**